O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHERRY KUCERA, et vir<br>RONALD KUCERA,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-04-4710 |

## ORDER

Pending before the Court are the Plaintiffs' Motion for Leave to File First Amended Complaint (Dkt. #8), Motion to Remand (Dkt. #9), and Motion for Leave to File Second Amended Complaint (Dkt. # 18).  For the reasons explained below, the motions are DENIED.

Plaintiffs have alleged a claim based on common law negligence against the Defendant for injuries sustained during a trip and fall incident which occurred on or about April 29, 2003 in the parking lot of a building owned by the Defendant Wal-Mart Stores, Inc., in El Campo, Texas.  Sherry Kucera has allegedly sustained bodily injures as a result of the fall and Ronald Kucera has allegedly suffered from the loss of his wife's consortium.  Plaintiffs brought suit against the Defendant in the 23rd Judicial District Court of Wharton County, Texas on or about November 15, 2004.  Defendant removed the case from state court on December 16, 2004, claiming diversity jurisdiction.  Plaintiffs now seek leave to amend their complaint to join two new parties to this lawsuit: Wal-Mart Store Manager Ted Stafford ("Stafford") and Tex-Star Paving, Inc. ("Tex-Star"), the company in charge of maintaining Defendant's parking lot.  Because neither side has disputed that these two additional parties are Texas residents, this amendment would destroy diversity and require a remand of the case to state court.  *See Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 680 (5th Cir. 1999).

Plaintiffs' proposed First Amended Complaint differs from their proposed Second Amended Complaint in that the former seeks only to add Stafford and not Tex-Star as an additional defendant. Both proposed complaints, however, contain the same factual allegations and the same theories of recovery. The Court will therefore only address the Motion for Leave to File Second Amended Complaint. Plaintiffs' Motion for Leave to File First Amended Complaint (Dkt. #8) is DENIED as moot.

Post-removal motions for remand are governed by 28 U.S.C. § 1447. Section 1447 states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). This decision is within the discretion of the district court, which must balance "the inherent dangers of inconsistent results and the waste of judicial resources" caused by parallel federal and state proceedings with the diverse defendant's interest in "retaining the federal forum." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). The resolution of these competing interests requires that the court scrutinize a proposed amendment adding a nondiverse defendant more closely than an ordinary amendment pursuant to Rule 15(a). *Id.* The Fifth Circuit has stated that the court should consider "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.*

In this case, it is apparent that Plaintiffs seek to add Stafford and Tex-Star solely for the purpose of defeating diversity. Plaintiffs sued only Wal-Mart in their original action in state court. They could have easily determined that Stafford was a manager for the Defendant and named him as a party when their suit was initially filed if they truly wished to hold him personally liable. Moreover, Defendant would be vicariously liable for any negligent acts or omissions committed by Stafford in the course and scope of his duties as a manager. Thus, Stafford is not an indispensable party.

2

Plaintiffs argue that they seek to join Tex-Star as another source of potential funds rather than to defeat diversity jurisdiction. In support of their argument, Plaintiffs assert that they first learned the name of Tex-Star in a letter from Defendant's counsel dated March 15, 2005. The information regarding Tex-Star's involvement could have been obtained through diligent research on the part of Plaintiffs' counsel. Further the facts alleged indicate that Tex-Star is not an indispensable party.

Balancing the equities, the Court finds that Defendant's interest in retaining the federal forum it has chosen outweighs the Plaintiffs' interest in adding the non-diverse defendants. Accordingly, the Motion for Leave to File Second Amended Complaint (Dkt. # 18) is DENIED.

Examining the motion to remand, Plaintiffs' arguments rely solely on the joinder of Stafford and Tex-Star, as non-diverse defendants. As the Court has denied the motions to amend the complaint to join Stafford and Tex-Star, the Motion to Remand (Dkt. #9) also is DENIED.

It is so ORDERED.

Signed this 24th day of May, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE